IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUZETTE BAKER, CAMILLE ADAMS, DONJUA MOSELEY, JENALI GRAHAM, CHERYL STONE, GLORIA PRIETO, FALLON MATTHEWS, PENNY DALTON, CHARISSE STEVENSON, KODI TWISS, TRINA SMITH, DORETTA LOPEZ, ELIZABETH CARDINET, CRISTINA MASCCORRO, CARLA WEAVER, and HEIDI SKAAGS,<br><br>        Plaintiffs,<br>vs.<br><br>TEMP R. PATTERSON, M.D., TEMP R. PATTERSON, M.D., P.A., AMULATORY SURGERY CENTER OF BURLEY, L.L.C., JOSEPH R. PETERSEN, M.D., and JOHN DOES 1 THROUGH 10,<br><br>        Defendants. | No. 4:16-CV-00181-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER and TEMPORARY RESTRAINING ORDER** |

On May 20, 2016, plaintiffs Camille Adams, Suzette Baker, Jenali Graham, Cheryl Stone, and Gloria Prieto filed a Motion For Temporary Restraining Order (TRO Motion) (docket no. 6) asking this Court to restrain defendant Temp R. Patterson, M.D., from further concealing and to disclose any and all information available to him regarding the source of breast implants that he has surgically placed in them. At this time, the docket does not show that any of the defendants have been served with the Complaint or Amended Complaint or the TRO Motion, but the plaintiffs' counsel did identify counsel for defendant Patterson, and, after consultation by my judicial assistant with counsel for

both the plaintiffs and defendant Patterson, I scheduled telephonic oral arguments on the TRO Motion for 5:15 p.m. CDT (4:15 p.m. MDT). Counsel for both the plaintiffs and defendant Patterson participated in those oral arguments. Shortly before the oral arguments, defendant Patterson also filed an Objection To Motion For Temporary Restraining Order (docket no. 7).

The plaintiffs allege that Dr. Patterson used non-FDA approved implants manufactured in China when he performed their breast implant surgeries. They allege that defendant Patterson's counsel has admitted "that the implants [defendant Patterson] used for [non-moving plaintiff] Graham's breast augmentation were Chinese made implants," Plaintiffs' Counsel's Affidavit, Exhibit A. Defendant Patterson has neither admitted nor denied that the implants that he placed in other plaintiffs were manufactured in China. Indeed, the plaintiffs allege that, to date, Dr. Patterson has also refused repeated requests by counsel to provide the plaintiffs, voluntarily, with the identity of any of the implants' manufacturers. The plaintiffs allege that plaintiff Baker has had her implants removed, and, in an affidavit, Dr. Smith, who performed the removal, has averred that he believes that plaintiff Baker's implants were not FDA approved and were from China. Plaintiffs' Counsel's Affidavit, Exhibit B. The plaintiffs also allege that plaintiff Adams is scheduled to have her implants removed on May 26, 2016, and that the other three moving plaintiffs have or are making arrangements to have their implants removed, as well. Defendant Patterson's counsel did not deny that Dr. Patterson has not revealed the manufacturer of the breast implants in question and stated that he will not do so without a court order.

As Chief Judge Winmill of this District has explained,

> The standard for obtaining a preliminary injunction or a temporary restraining order is the same. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir.2001). In either case, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the

>absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.2011).

*Idaho v. Coeur d'Alene Tribe*, 49 F. Supp. 3d 751, 762 (D. Idaho 2014). As part of this four-factor test, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies*, 632 F.3d at 1135. Although a more stringent standard applies to "mandatory" injunctions or TROs that *require* action, rather than simply preserve the status quo, the question is whether the balance of the *same factors* clearly favors the moving party. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009).

For present purposes, I will direct my analysis only to the claim for a TRO by plaintiff Adams, who is scheduled to have her implants removed on May 26, 2016. Adams contends, baldly, that she is likely to prevail on at least one of her claims against Dr. Patterson. She does not argue, however, what facts satisfy the elements of any of her claims in the underlying Amended Complaint (docket no. 3). Those claims are for a RICO violation, fraud, breach of fiduciary duty, violations of the Idaho Consumer Protection Act, battery, premises liability, and medical malpractice. The allegations in the Amended Complaint, taken as true, and the affidavits submitted in support of the TRO Motion provide sufficient factual basis to support, at the very least, "serious questions going to the merits" of plaintiff Adams's claims. *Id.*

Plaintiff Adams stands on firmer ground as to the other factors in the four-factor test. Her allegations and the affidavits in support of the TRO Motion indicate the

3

"likelihood of irreparable harm" in the absence of a TRO, where money damages cannot provide an "effective remedy," *see Coeur d'Alene Tribe*, 49 F. Supp. 3d at 764, for the potential physical and emotional damage from non-FDA approved implants and/or the potentially unnecessary removal of breast implants.  The balance of equities or hardships, likewise, tips strongly in plaintiff Adams's favor, in light of the potential harm to her, and the absence of any cognizable hardship to Dr. Patterson from disclosing the information in question to Adams.  *See Alliance for the Wild Rockies*, 632 F.3d at 1137-38 (explaining that the "balance of hardships" factor considers the hardships to each of the parties).  Finally, the "public interest" weighs in favor of granting the TRO as to plaintiff Adams, because doing so reflects the public interest in safety of medical devices as enshrined, for example, in legislation authorizing the FDA to approve such devices.

While this determination is very preliminary, and does not suggest any ultimate disposition of this case, the TRO Motion is **granted**, *only as to plaintiff Adams*.  Further proceedings will address whether a TRO or preliminary injunction should issue in favor of the other plaintiffs.

A bond is ordinarily required pursuant to Rule 65(c).  "District courts have discretion to determine the amount of security required," which may include a determination that no bond is required.  *See Leittler v. Armstrong*, No. 1:10–cv–361–BLW, 2010 WL 3735674, *5 (D. Idaho September 15, 2010) (citing *Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)).

THEREFORE, pursuant to Rule 65 of the Federal Rules of Civil Procedure, defendant Temp R. Patterson, M.D., his agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by him or acting on his behalf or in concert with him, **are hereby enjoined and required** to disclose, **not later than 8:00 p.m. MDT on May 25, 2016**, any and all documents available to him regarding the source of the breast implants he has surgically placed in plaintiff Camille Adams.  This disclosure shall be subject to a court-ordered protective order, the details of which the parties will subsequent discuss, but at this time, the disclosure shall only be for the use

of plaintiff Adams, her counsel, and the doctor performing her implant removal. The doctor performing plaintiff Adams's implant removal may rely on this information to advise the other plaintiffs concerning their treatment. The plaintiffs receiving this information may disclose it only to immediate family members, who shall not make further disclosure of it.

This Temporary Restraining Order shall issue *without* payment of any bond.

This Temporary Restraining Order shall remain in full force and effect for fourteen (14) days from the date of this order, unless dissolved at an earlier time or expressly renewed for a like period of time by order of the court.

**IT IS SO ORDERED**.

**DATED** this 25th day of May, 2016, at 6:00 p.m. CDT.

*[signature: Mark W. Bennett]*
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA
VISITING JUDGE